1

LANCE P. MAISS
Nevada Bar No.: 4683
2   ARMSTRONG TEASDALE, LLP
50 West Liberty Street, Suite 950
3   Reno, Nevada 89501
Telephone No.: (775) 322-7400
4   Facsimile No.: (775) 322-9049
5   Email No.: lmaiss@armstrongteasdale.com
*Attorneys for Plaintiffs*
6

7

8                   **UNITED STATES DISTRICT COURT**

9                        **DISTRICT OF NEVADA**

10

11   DOMINO'S PIZZA FRANCHISING          CASE NO. 3:10-CV-560
LLC, a Delaware limited liability
12   company; and DOMINO'S PIZZA          **MOTION FOR ORDER TO SHOW**
MASTER ISSUER LLC, a Delaware        **CAUSE WHY MATTHEW**
13   limited liability company,           **MATTLOCK, MELISSA YEAGER, AND**
**PRONTO PIZZA, INC.  SHOULD NOT**
14          Plaintiffs,                   **BE HELD IN CONTEMPT OF COURT**

15   v.

16   CALVIN YEAGER, an individual;
VALLEY PIZZA, INC., a Nevada
17   corporation; and LAKESIDE PIZZA,
INC., a California corporation,
18
Defendants.
19

20

21

22
COMES NOW, plaintiffs DOMINO'S PIZZA FRANCHISING LLC and
23
DOMINO'S PIZZA MASTER ISSUER LLC (collectively, "Domino's"), by and through
24
their counsel, Armstrong Teasdale LLP, hereby move this Court for an order to show
25
cause why Matthew Matlock, Melissa Yeager, and Pronto Pizza, Inc. should not be held in
26
contempt for failing to: (1) return the Operations Manual; (2) return the Customer List;
27

28

1

and (3) transfer the telephone number 775-265-2929, pursuant to this Court's Order, dated November 18, 2010 ("Enforcement Order").

This motion is based upon Fed.R.Civ.P 65 and 70, the Points and Authorities attached hereto, and such further argument the Court may permit.


DATED this 25th day of April, 2011.


ARMSTRONG TEASDALE, LLP



By: _Lance P. Maiss_
        LANCE P. MAISS
        50 W. Liberty Street, Ste. 950
        Reno, NV 89501
        Telephone No.: (775) 322-7400
        *Attorneys for Plaintiffs*

## POINTS AND AUTHORITIES

## INTRODUCTION

This matter involves a dispute between a franchisor and franchisee, in which Final Judgment has already been rendered in the United States District Court for the Eastern District of Michigan ("Michigan Federal Court") in favor of Domino's, the franchisers of the well-known pizza delivery business bearing the "DOMINO"S PIZZA" name and logo.

Defendants Calvin Yeager, Valley Pizza, Inc. ("Valley") and Lakeside Pizza, Inc. ("Lakeside") had been the owner and operator of franchises of Domino's. Yeager is President of both Valley and Lakeside. After defaulting on Franchise Agreements with Domino's, on or about November 13, 2009, Domino's terminated the Franchise Agreements with defendants.

Subsequently, defendants failed to comply with post-term obligations contained in the Franchise Agreements. As a result, on January 25, 2010, Domino's obtained a preliminary injunction against defendants, requiring defendants to comply with the post-term obligations ("Injunction Order"). This time, defendants ignored the Injunction Order. Thereafter, Domino's obtained its Final Judgment against defendants, which included those acting in concert or privity with defendants.

After defendants ignored the Final Judgment, on November 18, 2010, Domino's obtained from this Court the Enforcement Order, whereby Matthew Mattlock, Melissa Yeager and/or Pronto Pizza, Inc. were held to have been acting in concert or privity with defendants in failing to comply with the post-term obligations contained in the Franchise Agreements between plaintiffs and defendants. This Court ordered Matthew Mattlock,

1  Melissa Yeager and/or Pronto Pizza, Inc. to transfer the telephone number 775-265-2929

2  to plaintiffs; and (2) return the Operations Manual and Customer List to plaintiffs, within

3
   45 days of the Enforcement Order.  Notice of Entry of Order was then filed and served
4
5  upon them.

6          Since that time, Matthew Mattlock, Melissa Yeager and Pronto Pizza, Inc. have

7  failed to comply with this Court's Enforcement Order.

8                                          **ARGUMENT**
9
10 I.       CONTEMPT OF COURT ORDERS

11         A district court has wide latitude in determining whether there has been a

12 contemptuous defense of its order.  *Gifford v. Heckler*, 741 F.2d 263, 266 (9th Cir. 1984).

13
   To avoid sanctions for contempt, disobedient parties must show that they took all
14
15 reasonable steps within their power to insure compliance with the court's order.  *Stone v.*

16 *City and County of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992).

17         Fed.R.Civ.P. 65(d)(2)(C) provides that other persons who are in active concert or

18
   participation with the parties are bound by the injunction order.  Thus, nonparties to a
19
20 lawsuit are not inoculated against charges of civil contempt if they knowingly aid or abet

21 an enjoined party in transgressing a court order.  *Goya Foods, Inc. v. Wallack Management*

22 *Co.*, 290 F.3d 63, 75 (1st Cir. 2002).  Moreover, Fed.R.Civ.P. 70 gives the district court a

23
   discrete and limited power to deal with parties who thwart final judgments by refusing to
24
25 comply with orders to perform specific acts.  *Analytical Engineering Inc. v. Baldwin*

26 *Filters, Inc.*, 425 F.3d 443, 449 (7th Cir. 2005).  Rule 70(e) actually provides that the court

27 may hold the disobedient party in contempt.  Finally, Fed.R.Civ.P. 71 provides that:

28

> When an order grants relief for a nonparty or may be enforced against a nonparty, the procedures for enforcing the order is the same as for a party.

Thus, when an injunction is addressed to a nonparty and he is given notice of the injunction, Rule 71 permits a district court to use "the same processes for enforcing obedience to the order as if [he were] a party," such as holding him in contempt for violating it. *Irwin v. Mascott*, 370 F.3d 924, 931 (9th Cir. 2004).

II.   **HAVING IGNORED THE ENFORCEMENT ORDER, THIS COURT MUST ISSUE AN ORDER TO SHOW CAUSE WHY MATTHEW MATTLOCK, MELISSA YEAGER, AND PRONTO PIZZA, INC. SHOULD NOT BE HELD IN CONTEMPT AND SUBJECT TO SANCTIONS**

In the case at bar, the Enforcement Order was properly issued by this Court and served upon Matthew Mattlock, Melissa Yeager, and Pronto Pizza, Inc.[1]  To date, there has been no compliance with the Enforcement Order.  In fact, there has been no response whatsoever by them.   Instead, Domino's has been denied its rights under its Franchise Agreements, the Injunction Order, and Final Judgment, and now the Enforcement Order, all the while incurring attorney's fees and expenses.  As a result, this Court must properly issue an Order to Show Cause why Matthew Mattlock, Melissa Yeager, and Pronto Pizza, Inc. should not be held in contempt and subject to sanctions.

### CONCLUSION

Domino's has been trying to enforce its rights as the Franchisor for several years. Through an Injunction Order, a Final Judgment, and now the Enforcement Order, Domino's has been denied its rights under the law.  Therefore, Matthew Mattlock, Melissa

---

[1] Mattlock and Pronto Pizza have been previously served with the Injunction Order and Final Judgment as well.

1   Yeager, and Pronto Pizza, Inc., must be ordered before this Court to determine why they

2   should not be held in contempt and subject to sanctions.

3           DATED this 25th day of April, 2011.

4

5

6                                               ARMSTRONG TEASDALE, LLP

7

8

9                                       By: _Lance P. Maiss_____
                                               LANCE P. MAISS
10                                              50 W. Liberty Street, Ste. 950
                                               Reno, NV 89501
11                                              Telephone No.: (775) 322-7400
                                               Attorneys for Plaintiffs
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CERTIFICATE OF SERVICE

I, Zabett Buzzone, declare that:

I am over 18 years of age and not a party to, or interested in, the within entitled action. I am an employee of Armstrong Teasdale, LLP located at 50 West Liberty Street, Suite 950, Reno, Nevada, 89501.

On, April 25, 2011 I served the following document:

**MOTION FOR ORDER TO SHOW CAUSE WHY MATTHEW MATTLOCK, MELISSA YEAGER AND PRONTO PIZZA, INC., SHOULD NOT BE HELD IN CONTEMPT OF COURT**

[X] BY MAIL [N.R.C.P. 5(b)] I caused each envelope to be placed for deposit with the U.S. Postal Service in a sealed envelope, with postage prepaid, and that each envelope was placed for collection and mailing on that date following ordinary business. I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the U.S. Postal Service. Correspondence so collected and processed is deposited with the U.S. Postal Service that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit;

Calvin Yeager                           Pronto Pizza
987 Edgewood Circle                      1281 Kimmerling Road, Suite 18-A
South Lake Tahoe, CA 96150               Gardnerville, NV 89460

Melissa Yeager                           Mathew Mattlock
1281 Kimmerling Road, Suite 18-A         1281 Kimmerling Road, Suite 18-A
Gardnerville, NV 89460                   Gardnerville, NV 89460

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

*Zabett Buzzone*
Zabett Buzzone

7