LANCE P. MAISS
Nevada Bar No.: 4683
ARMSTRONG TEASDALE, LLP
50 West Liberty Street, Suite 950
Reno, Nevada 89501
Telephone No.: (775) 322-7400
Facsimile No.: (775) 322-9049
Email No.: lmaiss@armstrongteasdale.com
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DOMINO'S PIZZA FRANCHISING LLC, a Delaware limited liability company; and DOMINO'S PIZZA MASTER ISSUER LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>CALVIN YEAGER, an individual; VALLEY PIZZA, INC., a Nevada corporation; and LAKESIDE PIZZA, INC., a California corporation,<br><br>Defendants. | CASE NO. 3:10-CV-00560-HDM-WGC<br><br>**MOTION FOR ORDER TO SHOW CAUSE WHY DEFENDANTS SHOULD NOT BE HELD IN CONTEMPT OF COURT AND FOR SANCTIONS** |

COMES NOW, plaintiffs DOMINO'S PIZZA FRANCHISING LLC and DOMINO'S PIZZA MASTER ISSUER LLC (collectively, "Domino's"), by and through their counsel, Armstrong Teasdale LLP, hereby move this Court for an order to show cause why defendants should not be held in contempt for failing to transfer the telephone numbers (775) 265-2929 and (530) 543-1235, pursuant to the Injunction Order and the

1

Final Judgment issued by United States District Court for the Eastern District of Michigan ("Michigan District Court"), and registered with this Court, as well as sanctioned for their noncompliance.

This motion is based upon the Points and Authorities attached hereto, and such further argument the Court may permit.

DATED this 14th day of December, 2011.

ARMSTRONG TEASDALE, LLP

By:   */s/ Lance P. Maiss*
      LANCE P. MAISS
      50 W. Liberty Street, Ste. 950
      Reno, NV 89501
      Telephone No.: (775) 322-7400
      *Attorneys for Plaintiffs*

# POINTS AND AUTHORITIES

## INTRODUCTION

This matter involves a dispute between a franchisor and franchisee, in which Final Judgment has already been rendered in the United States District Court for the Eastern District of Michigan ("Michigan Federal Court") in favor of Domino's, the franchisers of the well-known pizza delivery business bearing the "DOMINO'S PIZZA" name and logo, which included, among other things, the transfer of telephone numbers used by the franchise locations back to Domino's.

**The Defaulting Franchisees**

Defendants Calvin Yeager, Valley Pizza, Inc. ("Valley") and Lakeside Pizza, Inc. ("Lakeside") had been the owner and operator of franchises of Domino's. Yeager was President and sole owner of both Valley and Lakeside. Valley and Domino's were parties to a Standard Franchise Agreement on or about October 17, 2007, by which Valley was authorized to operate the Domino's franchise identified as Store No. 7415, located at 1281 Kimmerling Road, Suite 18-A, Gardnerville, Nevada 89460. ("Store 7415 Agreement"). A true and correct copy of the Store 7415 Agreement is attached as Exhibit 1. In connection with the operation of Store No. 7415, Valley used the following telephone number: (775) 265-2929. Lakeside and Domino's were also parties to a Standard Franchise Agreement on or about January 26, 2007, by which Lakeside was authorized to operate the Domino's franchise identified as Store No. 7972, located at 987 Edgewood Circle, Unit A & B, South Lake Tahoe, California 95901. ("Store 7972 Agreement"). A true and correct copy of the Store 7972 Agreement is attached as Exhibit 2. In connection

with the operation of Store No. 7972, Lakeside used the following telephone number: (530) 543-1235. As set forth in both the Store 7415 Agreement and the Store 7972 Agreement, Yeager personally guaranteed the performance of Valley and Lakeside.

After defaulting on the Store 7415 Agreement and the Store 7972 Agreement (collectively, the "Franchise Agreements"), on or about November 13, 2009, Domino's terminated both Franchise Agreements with defendants.

**Failure to Comply with Post-Franchise Obligations**

Upon termination, the Franchise Agreements imposed a number of obligations on Valley, Lakeside, and Yeager. In particular, Section 18.3(c) of the Franchise Agreements required Valley, Lakeside, and Yeager to "notify the telephone company . . . in writing of the termination . . . of your right to use all telephone numbers . . . relating to the Store and to authorize in writing the transfer of these to [Domino's] or its franchisee or designee." Further, Valley, Lakeside, and Yeager agreed under Section 18.3(c) to "execute any written authorizations . . . in the form prescribed by [Domino's directing the telephone company . . . to transfer all telephone numbers . . . [Domino's], its franchisee, or designee upon the occurrence of" the termination of the Franchise Agreements. Additionally, in Section 18.3(c) of the Franchise Agreements, Valley, Lakeside, and Yeager acknowledged that Domino's has "the sole rights to and interest in all telephone numbers" used in connection with the Stores.

**Injunction Order and Final Judgment**

Notwithstanding the termination of the Franchise Agreements, defendants failed to comply with post-term obligations contained therein. As a result, on December 2, 2009,

Domino's commenced an action against the defendants in the Michigan District Court to obtain, among other things, injunctive relief requiring defendants to comply with the post-termination obligations, including the return of the telephone numbers. On January 25, 2010, Domino's obtained a preliminary injunction against defendants, requiring defendants, as well as their agents, servants, and employees, and those persons and entities in active concert or participation or privity with any of them, to comply with the post-term obligations, including "to transfer the telephone numbers to Domino's . . ." ("Injunction Order"). A true and correct copy of the Injunction Order is attached as Exhibit 3.

Thereafter, Domino's obtained the Final Judgment against defendants, which made the preliminary injunction from the Injunction Order a permanent injunction. A true and correct copy of the Final Judgment is attached as Exhibit 4. On August 3, 2010, the Final Judgment was registered with this Court.

**Defendants' Steps to Circumvent Enforcement of the Final Judgment**

Lakeside was dissolved on October 25, 2010, and Valley was dissolved on October 27, 2010, followed by a Chapter 7 petition for bankruptcy filed by Yeager on November 18, 2010 ("Chapter 7 Petition") in the United States Bankruptcy Court for the Eastern District of California. ("California Bankruptcy Court"). Significantly, the telephone numbers were not listed in the Chapter 7 Petition.

With respect to the (775) 265-2929 telephone number, Domino's learned only a few months ago – after requested documents were produced – that Yeager had sold and

transferred the telephone number to Mathew Matlock[1], evidenced by a Bill of Sale, dated November 17, 2009, the day before Yeager filed his Chapter 7 Petition. A true and correct copy of the Bill of Sale is attached as Exhibit 5.

As for the (530) 543-1235 telephone number, from Domino's also learned from Yeager's second petition in the California Bankruptcy Court ("Chapter 13 Petition") that Yeager continued to operate a pizza business "Pronto Pizza" with the telephone number. According to his Schedule B, filed with the California Bankruptcy Court, Yeager listed interests in a "Pronto Pizza" business in South Lake Tahoe, California, but did not single out the telephone number. In Schedule I, Yeager listed his occupation as "manager" and his employer "self – Pronto Pizza." Finally, in Section 10 of Financial Affairs, Yeager listed that a Pronto Pizza Inc. received the pizza equipment on or about November 2009. A true and correct copy of the Schedules and Statement of Financial Affairs of the Chapter 13 Petition is attached herein as Exhibit 6.

**The California Bankruptcy Court Lifts Stay to Allow Domino's to Obtain Telephone Numbers**

In response to Yeager filing his Chapter 13 Petition on August 9, 2011[2], Domino's filed a motion to lift the automatic stay to enforce the injunction against defendants to transfer the telephone numbers. In granting the motion, the California Bankruptcy Court lifted the stay provisions to allow Domino's "to exercise and enforce all nonbankruptcy rights and remedies to obtain possession of the property commonly known as (775) 265-

---

[1] Matlock has also been subject to enforcement of the Injunction Order and Final Judgment, but has refused to comply. As a result, Domino's is also filing a Renewed Motion to Enforce Judgment Pursuant to NRCP 70 and/or NRCP 71.
[2] Mathew Matlock filed a petition for bankruptcy under Chapter 13 the very same day in the District of Nevada by the same counsel as Yeager.

2929 and (530) 543-1235, including non bankruptcy proceeding to enforce [Domino's] rights." ("California Bankruptcy Order"). A true and correct copy of the California Bankruptcy Order is attached hereto as Exhibit 7. In Civil Minutes explaining his ruling, Judge Klein stated that "Domino's terminated [Yeager's] interest in the telephone numbers" before the Chapter 7 Petition was filed and "had only, at most, a bare possessory interest" in them. A true and correct copy of the Civil Minutes are attached hereto as Exhibit 8.

### Dominos' Again Requests Yeager and Matlock to Transfer Telephone Numbers

Although Domino's previous requests to transfer the telephone numbers were ignored, after the California Bankruptcy Order, on November 17, 2011, Domino's made another request to counsel for Yeager and Matlock. A true and correct copy of the letter is attached as Exhibit 9. Unfortunately, Domino's received no response whatsoever.

### Domino's Continues to Suffer Prejudice

To date, the telephone numbers have never been transferred back to Domino's. Instead, the telephone numbers continue to be used by competing pizza businesses located in Gardnerville, Nevada and South Lake Tahoe, California. The defendants refusal to transfer the telephone numbers back to Domino's has caused - and still is causing - significant prejudice because those telephone numbers were associated with the former Domino's franchises, and the inability to obtain the use of those telephone numbers is negatively impacting Domino's ability to refranchise the area where Valley and Lakeside operated franchises.

# ARGUMENT

## I. CONTEMPT OF JUDGMENTS AND ORDERS

A district court has wide latitude in determining whether there has been a contemptuous defense of its judgment or order. *Gifford v. Heckler*, 741 F.2d 263, 266 (9th Cir. 1984). To avoid sanctions for contempt, disobedient parties must show that they took all reasonable steps within their power to insure compliance with the court's judgment or order. *Stone v. City and County of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992).

## II. HAVING FAILED TO COMPLY WITH THE INJUNCTION ORDER AND FINAL JUDGMENT, THIS COURT MUST ISSUE AN ORDER TO SHOW CAUSE WHY DEFENDANTS SHOULD NOT BE HELD IN CONTEMPT AND SUBJECT TO SANCTIONS

### A. Defendants Have Known All Along The Obligation To Return The Telephone Numbers

In the case at bar, the Injunction Order and Final Judgment were properly issued by the Michigan District Court. The Final Judgment was properly registered with this Court. The Injunction Order and/or the Final Judgment have been served upon defendants and their counsel on several different occasions[3]. Thus, there can be no doubt that the defendants have known all along their obligation to return the telephone numbers to Domino's.

### B. Since Their Dissolution, Yeager Is Now The Responsible Party For Valley And Lakeside

As previously mentioned by Domino's in other pleadings, NRS 78.585 provides that the dissolution of a Nevada corporation does not impair any remedy or cause

---

[3] Although issues had been raised previously regarding service of the Injunction Order and Final Judgment, to remove any doubt, on December 8, 2011, Domino's served the defendants with the Injunction Order and Final Judgment. (Exhibit 10).

of action available against it or its directors, officers, or shareholders arising before the dissolution and commenced within 2 years afterwards. Having commenced its action and obtained the Injunction Order and Final Judgment before Valley's dissolution, Valley would still be subject to the Injunction Order and Final Judgment. Moreover, where an officer and director like Yeager transfers assets upon dissolution, he may be liable as trustee of the dissolved corporation under NRS 78.590 and 78.595. Although Yeager has taken a position that he owned the (775) 265-2929 telephone number personally, if Valley had any interest, possessory or otherwise, by transferring it to Yeager before he then transferred it to Mathew Matlock, Yeager would be responsible for that transfer under Nevada law. Similar statutory liability applies to Lakeside and Yeager with respect to the (530) 543-1235 telephone number under California law. Cal.Corp.Code § 2010, 2011. Thus, under these facts and circumstances, Yeager is properly the responsible party for the circumvention of the Injunction Order and Final Judgment by Valley and Lakeside, regardless of their dissolved status.

    C.    <u>Yeager Never Owned The Telephone Numbers</u>

Not only were the telephone numbers not the property of Yeager on the date of the Chapter 7 Petition, Yeager never had any ownership interest in the telephone numbers. It is well established that a party wrongfully in possession of property of another does not have any right, title or interest in such property. Under Section 18.3 of the Franchise Agreements, Yeager clearly agreed that the telephone numbers were the property of Domino's and not his property, and Yeager agreed to transfer the telephone numbers back to Domino's upon termination of the Franchise Agreements, which occurred

on November 13, 2009. (See, Exhibits 1 and 2). Yeager had no rights or interest in the telephone numbers. It is well established that a party wrongfully in possession of property of another cannot convey good title to such property to a third party. See, *Alamo Rent-A-Car, Inc. v. Mendenhall*, 113 Nev. 445, 937 P.2d 69 (1997); *Welch v. Cayton*, 395 S.E.2d 496, 501 (W.Va. 1990)("the old rule that a thief cannot give title remains"); *Bergeron v. Aero Sales, Inc.*, 205 Ore.App. 257, 261-66 (transferor of property belonging to another could not convey title to such property), cert. denied, 341 Ore. 548 (2006); *Inmi-Etti v. Aluisi*, 63 Md.App. 293, 300-305 (1985)(holding that transferee of converted goods does not obtain title to such goods); *Schrier v. Home Indemnity Co.*, 273 A.2d 248, 250 (D.C.App. 1971)("a possessor of stolen goods, no matter how innocently acquired, can never convey good title"); 18 Am. Jr.2d Conversion (2004) §5, p. 158 (title of the owner of the property remains unaffected by act of conversion). Thus, Yeager could not convey any right, title or interest in the telephone numbers to third parties.

D. <u>Yeager And Counsel Should Be Sanctioned</u>

To date, there has been no compliance whatsoever. To the contrary, defendants, by and through their counsel[4], have purposely avoided compliance with the Injunction Order and Final Judgment by transferring the telephone numbers to affiliated parties prior to seeking bankruptcy protection and seeking to delay enforcement before this Court in the process. As a result, not only has Domino's been denied its rights under its Franchise Agreements, the Injunction Order, and Final Judgment, it has incurred significant attorney's fees and expenses. As a result, this Court must properly issue an

---

[4] Counsel was involved in the transfers between the parties, creating successor pizza business entities, representing all defendants and related parties before this Court, as well as the simultaneous bankruptcies of Yeager and Matlock.

Order to Show Cause why defendants should not be held in contempt and subject to sanctions – sanctions that should also be imposed upon defendants' counsel as well.

### III. AS AN ALTERNATIVE TO ORDERING DEFENDANTS TO TRANSFER THE TELEHPONE NUMBERS, DOMINO'S MOVES THIS COURT FOR AN ORDER THAT DOMINO'S IS THE RIGHTFUL OWNER

Rule 70(b) provides that the Court may enter a judgment divesting a party's title to personal property and vesting it in others, having the effect of a legally executed conveyance. Thus, as an alternative to ordering the defendants to transfer the telephone numbers to Domino's, this Court may simply issue an order that Domino's is the rightful owner of the telephone numbers, thus allowing Domino's to transfer the telephone numbers itself.

### CONCLUSION

Domino's has been trying to enforce its rights as the Franchisor for several years now. Even with an Injunction Order and a Final Judgment to enforce transfer of the telephone numbers, Domino's has still been denied its rights under the law. Therefore, defendants must be ordered before this Court to determine why they should not be held in contempt and subject to sanctions.

Furthermore, as an alternative to ordering the defendants to transfer the telephone numbers, Domino's requests this Court to issue an order that Domino's is the rightful owner of the telephone numbers.

```
 1
 2
 3
 4       DATED this 14th day of December, 2011.
 5
 6                                          ARMSTRONG TEASDALE, LLP
 7
 8
 9                                          By:  /s/ Lance P. Maiss
                                                 LANCE P. MAISS
10                                               50 W. Liberty Street, Ste. 950
                                                 Reno, NV 89501
11                                               Telephone No.: (775) 322-7400
                                                 Attorneys for Plaintiffs
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
```